28 P.(2d) 522

GORDON v. HAMMEL, Mayor, et al.

No. 3938.,

Supreme Court of New Mexico.

Oct. 26, 1933.

R. R. Posey, of Las Cruces, for appellant.

Edwin Mechem, of Las Cruces, for appellees.

WATSON, Chief Justice.

This is a taxpayer's suit to enjoin the board of trustees of the town of Hatch from issuing revenue bonds for the purpose of installing a system of waterworks. The appeal is from a final judgment entered upon the sustaining of a demurrer to the complaint.

Appellant here attacks the validity of the bonds under eight points. As to the first seven, appellee contends that Seward v. Bowers, 37 N. M. 385, 24 P.(2d) 253, is controlling. We pass them, therefore, to come to the eighth, which concededly is not so controlled.

The purpose of the town of Springer, considered in Seward v. Bowers, was betterment, replacement, and improvement of the existing plant and system. Such purpose was plainly within the authority of Laws 1933, c. 57. The purpose at Hatch is to purchase or construct a new system; there being none, we understand, at present. The question is whether that purpose is also within the act. Appellee expressly concedes that, unless we can so hold, the judgment must be reversed.

The title and sections 1 and 2 of the statute read as follows:

"An Act Authorizing Cities, Towns and Villages to Issue Revenue Bonds, Payable Solely Out of Unpledged Net Income of Public Owned Utilities, the Proceeds Thereof to be Expended Only in the Repair, Extension, Improvement and Betterment of Said Utilities; Providing the Terms of Such Bonds and Method for Their Authorization and Issuance, and Repealing Chapter 137 Laws of 1919, and Sections 90—1001 and 90—1002, Code of 1929, and Providing a Penalty for the Violation of This Act.

"Section 1. Whenever, under the provisions of the laws of this State, any municipality shall obtain, or has obtained, any moneys or credits by means of the issue of its bonds, or other evidences of indebtedness, for the purpose of the purchase, construction or extension or repair of any public utility in said municipality, it shall be unlawful to divert, use or expend any of said money or

credits in the purchase, construction or extension or repair of any other public utility or for any purpose other than that for which the same was or shall be obtained.

"Sec. 2. Whenever it shall be declared necessary by the governing body, by ordinance duly adopted, as hereinafter provided, incorporated cities, towns or villages are hereby authorized to make and issue revenue bonds, payable solely out of the net income to be derived from the operation of any municipally owned utility, and to pledge, irrevocably, such income to the payment thereof, the proceeds thereof to be used solely for the purpose of making necessary improvements, extensions, repairs and betterments of said utility."

Both the title and section 2 contemplate merely and "solely" the "purpose of making necessary improvements, extensions, repairs and betterments of said [municipally owned] utility."

Section 1 is broader. But it is not in that section that the authority is found. Appellee suggests that we may construe the two sections together so as to imply a legislative intent to include the purpose here entertained. We are of opinion, however, that the Legislature has too plainly manifested its limited intent to warrant the taking of liberties with its language.

The judgment will be reversed, and the cause remanded, with direction to overrule the demurrer. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.